Anthony **BRADLEY** and James
Bradley, **Appellants,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY**, Continental Insurance Company, Lisa Szostak and Juan Perez, **Appellees,**

v.

**National Insurance Crime Bureau, Appellee (Two Cases).**

Superior Court of Pennsylvania.

Submitted Feb. 27, 2001.
Filed June 6, 2001.

Arsen Kashkashian, Bristol, for appellants.

Mark S. Pearlstein, Wayne, for Perez.

Lee J. Rosenau, Philadelphia, for Szostak.

William H. Resch, Philadelphia and Richard J. Pratt, Washington, DC, for Continental Insurance.

Joseph T. Bodell, Philadelphia, for National Insurance Crime Bureau.

Joseph P. Connor, Paoli, for General Accident Insurance Company.

Before: DEL SOLE, P.J., EAKIN and LALLY–GREEN, JJ.

DEL SOLE, P.J.

¶ 1 Appellants, Anthony Bradley and James Bradley, appeal from the Orders granting Appellees', General Accident Insurance Company and Continental Casualty Company,[1] motions for summary judgment and dismissing the claims filed against them. For the reasons that follow, we affirm.

¶ 2 The relevant facts and procedural history may be summarized as follows. In February 1995, Anthony Bradley and James Bradley were traveling together in a car owned by John Bradley. Anthony and James reported to Anthony's carrier, General Accident, that they were involved in an accident with Linda Szostak. Both Anthony and James sought first party benefits from General Accident. John Bradley, who was not present in the car at the time of the reported accident, filed a property damage claim with his insurance carrier, Continental Insurance Company. Ms. Szostak was insured by State Farm Insurance. State Farm questioned Ms. Szostak regarding the accident and she replied that the accident never happened. She claimed that the driver of the Bradley car cursed at her, made obscene gestures, swerved his car in front of hers and slammed on his brakes in an attempt to cause her to collide with his car, but that there was, in fact, no impact. She also reported to the investigator that there was an independent witness, by the name of Juan Perez, who would corroborate her story.

---

1. While Lisa Szostak, Juan Perez and the National Insurance Crime Bureau are listed in the caption as Appellees, they are not participating in this appeal for reasons more fully explained in this Opinion.

¶ 3 General Accident and Continental performed an investigation into the matter and, pursuant to a provision of the motor vehicle code, 75 Pa.C.S.A. § 1817, reported what they suspected was insurance fraud to the National Crime Insurance Bureau. The Philadelphia District Attorney's Office prosecuted the claims against Appellants. A preliminary hearing was held at which Szostak and Perez testified that no accident occurred. Appellants were held over for criminal prosecution on charges of insurance fraud, theft by deception and attempted theft by deception.

¶ 4 Upon further investigation, the District Attorney's office discovered that Perez was Szostak's former boyfriend and that they had once lived together. The criminal charges against Appellants were dropped. Perez and Szostak were charged with and convicted of perjury.

¶ 5 Subsequently, Appellants filed a malicious prosecution lawsuit against Perez, Szostak, General Accident, Continental and the National Insurance Crime Bureau. The claims against Perez and Szostak were settled prior to trial and are not at issue in this appeal. The claim against the National Crime Insurance Bureau was discontinued. Appellees General Accident and Continental filed motions for summary judgment arguing that Appellants did not establish a *prima facie* case of malicious prosecution. Furthermore they argued that they were immune from prosecution under the applicable law. The trial court agreed and granted Appellees' motions for summary judgment. This appeal followed.

¶ 6 In order to establish a claim for malicious prosecution a party must establish that the defendants instituted proceedings against the plaintiff: 1) without

probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff. *McKibben v. Schmotzer,* 700 A.2d 484, 492 (Pa.Super.1997). In the present case there is no dispute that the third element was established because the charges against the Appellants were dropped. However, the trial court found Appellants failed to establish that Appellees instituted the proceedings without probable cause and with malice.

¶ 7 While we affirm the trial court's decision, we do so on grounds different than those relied upon by the trial court.[2] Before a court determines whether a plaintiff has demonstrated the absence of probable cause and the presence of malice, it is appropriate for the court to determine whether the defendant either directly instituted the proceedings against the plaintiff or can be charged with responsibility for institution of the proceedings.

¶ 8 A private individual may be subjected to liability for malicious prosecution:

> if (a) he initiates or procures the [institution of criminal] proceedings without probable cause and primarily for a purpose other than that of bringing the offender to justice, and (b) the proceedings have terminated in favor of the accused. Criminal proceedings are initiated by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused.

*Tomaskevitch v. Specialty Records Corp.,* 717 A.2d 30, 33 (Pa.Cmwlth.1998) (citations omitted). The law in Pennsylvania on malicious prosecution has developed to a

---

**2.** It is settled that notwithstanding the rationale of the trial court we may affirm the decision of that court if the result is correct on any ground. *Gutman v. Giordano,* 384 Pa.Super. 78, 557 A.2d 782, 783 (1989).

large extent based upon the Restatement (Second) of Torts. *Gallucci v. Phillips & Jacobs, Inc.,* 418 Pa.Super. 306, 614 A.2d 284, 290 (1992). We refer to Section 653, comment g, of the Restatement (Second) of Torts as a guide to determining when a private individual can be responsible for initiating a criminal proceeding by providing statements to the police or law enforcement authorities:

> A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable... even though the information proves to be false and his belief was one that a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution

based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

RESTATEMENT (SECOND) OF TORTS § 653, comment g.[3] Thus, comment g distinguishes between situations in which a private individual merely provides information to an official who exercising discretion, may initiate charges, and those in which a private individual either provides knowingly false statements to an official or directs or pressures an official to initiate charges, thereby making the officer's intelligent use of discretion impossible.

¶ 9 In this case we must consider whether private corporations, in this case the insurance companies, are responsible for instituting criminal proceedings against an individual. Because neither our Supreme Court nor this Court have directly addressed the issue now before this panel, we review and rely on the reasoning set forth by the Third Circuit and our Commonwealth Court in decisions addressing this issue. In *Griffiths v. CIGNA Corp.,* 988 F.2d 457 (3d Cir.1993),[4] the Third Circuit reversed the judgment entered against the defendant finding that she could not have been responsible for initiating the criminal proceedings against plain-

---

**3.** The rule stated in § 653 determines only the liability of persons who initiate or procure the institution of proceedings that are criminal in character. RESTATEMENT (SECOND) OF TORTS, § 653, comment b.

**4.** *Griffiths v. CIGNA Corp.,* 988 F.2d 457 (3d Cir.1993) *overruled by Miller v. CIGNA,* 47 F.3d 586 (3d Cir.1995). *Miller* did not affect the holding in *Griffiths* on the malicious prosecution claim.

tiff when the jury determined that she had provided accurate statements to the police. The *Griffiths* court held:

> ... when a person supplies accurate information to the police, that person, regardless of her motives and her actions in withholding other information, cannot be regarded as being responsible for the institution of criminal proceedings, so long as the police retain the complete discretion in determining whether to prosecute, and so long as that person does not conceal additional information requested by the police.

*Griffiths*, 988 F.2d at 467. The *Griffiths* court predicted that under like circumstances, our Supreme Court would hold that "... the duty falls on the police and the prosecuting authorities and not on a private individual supplying information, to determine what are the significant facts in an investigation." *Id.* at 466.

¶ 10 In *Hess v. County of Lancaster*, 100 Pa.Cmwlth. 316, 514 A.2d 681 (1986), the trial court sustained preliminary objections to Hess' malicious prosecution claim on the basis that Hess failed to allege any factual allegations indicating that the defendant initiated or procured the criminal prosecution brought against Hess for perjury. On appeal, the Commonwealth Court disagreed stating: "[i]t is not necessary that one who procures the institution of criminal proceedings actually file the charges and prepare the complaint." *Id.* at 684. Relying on § 653 of the Restatement, comment g, the Court reversed, finding the factual allegations pled in the complaint were sufficient to state a cause of action for malicious prosecution. Specifically, it found Hess had pled that the defendant himself had committed perjury by testifying falsely in a separate criminal matter and that this testimony was provided with the purpose and effect of initiating criminal proceedings against Hess.

¶ 11 We find the case *sub judice* to be similar to *Griffiths v. CIGNA Corp.* In this case, the insurance companies provided information regarding the suspected fraud to the responsible authorities. Appellees were required to report this information to the authorities pursuant to a statutory provision in the Motor Vehicle Code. From the record it appears that the insurance companies provided information they believed to be true. Moreover, Appellants do not assert that the insurance companies provided false information to the law enforcement authorities. The prosecuting authorities had the discretion to determine whether charges should be pursued. Accordingly, we conclude that the insurance companies were not responsible for initiating the proceedings. Thus, Appellees cannot be held liable for malicious prosecution.

¶ 12 While we find that the Appellees are not liable for malicious prosecution, we do not conclude that they conducted an investigation sufficient to invoke the immunity provided to organizations required to report suspected fraud. Section 1817 of the Motor Vehicle Insurance Fraud code requires licensed insurers doing business in the Commonwealth who have "... a reasonable basis to believe insurance fraud has occurred..." to report the incidence of suspected insurance fraud to federal, state or local criminal law enforcement authorities. 75 Pa.C.S.A. § 1817. Section 1818 of the same subchapter provides immunity from civil liability to those entities filing these reports or providing information required by statute if such was done "... in good faith and without malice." 75 Pa. C.S.A. § 1818.

¶ 13 We believe the requirements of "good faith" and "without malice" necessary to invoke immunity require an insurance company to first conduct a comprehensive investigation before accusing an

insured of fraud. Appellants contend that Appellees did not conduct an adequate investigation into the matter before providing information to law enforcement authorities. Because a decision on this issue is not necessary to our resolution of the issue before us, we reach no conclusion on the question of immunity. We do note that had Appellants filed a claim of defamation against Appellees, the result in this case may have been different.

¶ 14 Orders affirmed.

¶ 15 LALLY–GREEN, J. concurs in the result.