J-A07033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GLENN GORDON CHALLENGER AND SHERRY LEE CHALLENGER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JOHN C. BOYER AND WATKINS TOWER, INC., F/K/A TOWER SALES, INC. AND D/B/A TOWER SALES MINI MARKET AND SCOTT J. WATKINS AND DEBRA L. DEETER | |
| Appellees | No. 1551 MDA 2013 |

Appeal from the Order Entered July 29, 2013
In the Court of Common Pleas of Schuylkill County
Civil Division at No: S-566-2012

BEFORE:  GANTMAN, P.J., DONOHUE, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED AUGUST 20, 2014**

Appellants, Glenn Gordon Challenger ("Glenn") and Sherry Lee Challenger ("Sherry"), appeal from the trial court's July 29, 2013 order dismissing with prejudice their complaint against Appellees, John C. Boyer ("Boyer"), Watkins Tower, Inc. (d/b/a Tower Sales Mini Market) (hereinafter "Tower Sales Mini Market"), Scott J. Watkins ("Watkins"), and Debra L. Deeter ("Deeter") (we shall refer to Tower Sales Mini Market, Watkins, and Deeter collectively as the "Tower Sales Appellees").  We reverse and remand.

On March 16, 2012, Appellants filed a complaint against Appellees alleging a single count of malicious prosecution against each Appellee. Appellees filed preliminary objections, subsequent to which Appellants filed an Amended Complaint on May 16, 2012. Once again, the Amended Complaint alleged a cause of action for malicious prosecution against each Appellee and all Appellees filed preliminary objections. On July 11, 2012, the trial court entered an order sustaining Appellees' preliminary objections and dismissing Appellants' complaint. This Court quashed Appellants' appeal from the July 11, 2012 order, concluding the order was not final. *Challenger v. Boyer*, 69 A.3d 1302 (Pa. Super. 2012) (unpublished memorandum).

Subsequent to the quashal, Appellants filed in the trial court a motion for leave to file a Second Amended Complaint. The trial court denied that motion on May 9, 2013. At Appellants' request, the trial court filed a July 29, 2013 order dismissing Appellants' complaint with prejudice. Appellants filed a timely appeal from that order. They raise five issues:

1. May a plaintiff in a malicious prosecution action who had been acquitted of retail theft after tendering payment establish a lack of probable cause when he had not paid for the goods?

2. In a malicious prosecution action brought by two plaintiffs after both were acquitted on retail theft charges, may a lack of probable cause be established by the plaintiff who did not participate in the alleged theft?

3. May a private individual who knowingly provides information to police that precludes liability for the offense of retail theft

be held liable for malicious prosecution regardless of whether the information provided to the police officer is true or false?

4. May a plaintiff in a malicious prosecution action defeat a police officer's claim for absolute prosecutorial immunity by establishing that the police officer, operating jointly with private individuals, had actual knowledge of facts which precluded criminal liability for the offense of retail theft?

5. Was the trial court's refusal to allow [Appellants] leave to file a Second Amended Complaint an abuse of discretion?

Appellants' Brief at 4-5.

"In assessing the propriety of the trial court's decision to sustain preliminary objections, we examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred." *D'Elia v. Folino*, 933 A.2d 117, 121 (Pa. Super. 2007), *appeal denied*, 948 A.2d 804 (Pa. 2007). "The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven." *Id.* "In our review, we accept as true all well-pleaded material facts set forth in the [complaint] and all inferences fairly deducible from those facts." *Thierfelder v. Wolfert*, 52 A.3d 1251, 1253 (Pa. 2012).

Here, Appellants alleged a cause of action for malicious prosecution against each Appellee. "In order to establish a claim for malicious prosecution a party must establish that the defendants instituted proceedings against the plaintiff: 1) without probable cause, 2) with malice,

and 3) the proceedings must have terminated in favor of the plaintiff."
***Bradley v. Gen. Accident Ins. Co.***, 778 A.2d 707, 710 (Pa. Super. 2001).

We begin our analysis with a review of the facts alleged in the Amended Complaint. According to that document, Glenn pumped $25.00 worth of fuel at Tower Sales Mini Market in Tower City, Pennsylvania. Amended Complaint, 5/16/12, at ¶¶ 12, 17. Glenn and Sherry entered the store and tendered a debit card for the purchase of the gas and several other items. ***Id.*** at ¶¶ 19-22. The store clerk processed the payment for everything except the fuel. ***Id.*** at ¶ 25. Appellants allege they left the store believing they paid for the fuel. ***Id.*** at ¶ 26.

Boyer, a Tower City police officer, filed a summons against both Appellants for retail theft, pursuant to 18 Pa.C.S.A. § 3929. ***Id.*** at ¶¶ 28-41. Upon receiving the summons, Glenn visited Tower Sales Mini Market and spoke with Watkins to assert his innocence and attempt to resolve the outstanding charges. ***Id.*** at ¶¶ 11, 54. At trial, a district magistrate judge found Appellants not guilty of retail theft. ***Id.*** at 67-68. The prosecution witnesses at the trial were Boyer and Deeter. ***Id*** at ¶ 64. Deeter was the manager of Tower Sales Mini Market. ***Id.*** at ¶ 9. Despite their victory at trial, the magistrate informed Appellants they each remained obligated for a $125.00 fingerprinting charge. ***Id.*** at ¶ 69. In reference to that exchange between the magistrate and Appellants, Boyer stated, "I told you you would have to pay." ***Id.***

The Amended Complaint alleges that Appellees, by virtue of video footage taken of Appellants during the transaction at the Tower Sales Mini Market, had knowledge that Appellants tendered payment and were not guilty of retail theft. *Id.* at ¶¶72-78, 84. The Amended Complaint further alleges Appellees acted with malice and had no probable cause to bring criminal charges against Appellants. *Id.* at 87-91.

Appellees do not dispute that Boyer instituted proceedings against Appellants for retail theft.[1] Likewise, Appellees do not dispute that the retail theft proceedings terminated in Appellants' favor. We therefore must ascertain whether the retail theft proceedings were instituted with malice and without probable cause. *Bradley*, 778 A.2d at 710. Appellants' first two assertions of error claim the retail theft prosecution was instituted without probable cause. We will consider those arguments together.

---

[1] **§ 3929. Retail theft.**

(a) Offense defined. --A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S.A. § 3929.

Probable cause exists where a person of reasonable caution would believe a crime has been committed and the accused was the perpetrator. ***Commonwealth v. Santiago***, 736 A.2d 624, 631 (Pa. Super. 1999), *appeal denied*, 749 A.2d 470 (Pa. 2000). Probable cause is based on a finding of the probability, not a *prima facie* showing, of criminal activity. ***Commonwealth v. Baker***, 615 A.2d 23, 25 (Pa. 1992).

Appellants assert Boyer lacked probable cause to institute the retail theft prosecution because Appellants tendered payment for the gas, as seen on surveillance footage of the transaction. Further, the Tower Sales Mini Market Appellees were privy to that footage prior to providing it to Boyer. The store clerk observed Appellants, who were regular customers, and turned on the pump so that Glenn could fill his gas tank. Subsequently, Appellants entered the store and tendered a debit card, and the clerk charged Appellants for several items but did not charge for the fuel. The amended complaint does not allege the amount Appellants paid, nor does it allege whether they received or signed a receipt.

In any event, the Tower Sales Appellees immediately contacted law enforcement, and Boyer filed charges. Appellants allege the prosecution resulted from a political vendetta. To that end, Appellants allege Glenn lost a Tower City mayoral bid by a very small margin, and that Boyer was under the chain of command of the candidate who defeated Glenn. Amended Complaint, 5/16/12, at ¶¶ 79-80. Boyer told Appellants they would "have to

pay" regardless of the outcome of the criminal prosecution, and he repeated that message when the district magistrate told Glenn he could not get a refund for the $125.00 fingerprinting fee charged to each Appellant. *Id.* at ¶¶ 61, 69. Likewise, after Watkins rebuffed Appellants' subsequent attempt to pay the $25.00, Boyer informed Appellants that any future contact with the Tower Sales Appellees would result in an intimidation of witnesses charge. *Id.* at 55.

As we are reviewing an order sustaining preliminary objections, we must draw inferences in favor of Appellants. *Thierfelder*, 52 A.3d at 1253. Section 3929 criminalizes the carrying away of merchandise without paying full retail value and **with the intent** to deprive the merchant of the use or value of the merchandise. 18 Pa.C.S.A. § 3929(a). Though Appellants did not pay for the fuel, the complaint alleges they tendered a debit card. Appellants claim their tender of payment defeats the intent element of retail theft. The pertinent question for our analysis, however, is whether the Amended Complaint sufficiently alleges that Boyer had no probable cause to believe Appellants acted with the requisite intent.

According to the Amended Complaint, Boyer was aware that Appellants entered Tower Sales Mini Market after pumping fuel and tendered a debit card. Boyer also was privy to surveillance video documenting the transaction. Drawing inferences in Appellants' favor, as we must, we believe the Amended Complaint sufficiently alleges a factual scenario that would not

lead a person of reasonable caution to believe Appellants committed a crime. The alleged facts appear consistent with clerical error. In tendering a debit card to the store clerk, Appellants provided identification and bank account information, conduct we would not expect from persons intent on committing a theft. Thus, we believe the Amended Complaint sufficiently alleges facts from which a jury could find that Boyer lacked probable cause to charge Appellants with retail theft, *i.e.*, and intent to steal gas.

Next, we must determine whether the Amended Complaint sufficiently alleges malice. In a malicious prosecution action, malice can be inferred from the absence of probable cause. **Kelly v. Local Teamsters Union**, 544 A.2d 940, 941 (Pa. 1988). As explained above, the Amended Complaint contains sufficient allegations of lack of probable cause. Since we are required to draw inferences in Appellants' favor, and since case law holds that malice can be inferred from lack of probable cause, we believe the Amended Complaint sufficiently alleges malice. Moreover, Boyer's subsequent threats of witness intimidation charges and his statement that Appellants would "have to pay" also could support a finding that he acted with malice in instituting the retail theft prosecution.

Appellants also assert that the Tower Sales Appellees are liable for malicious prosecution even though they provided factually accurate information to Boyer (*i.e.*, Appellants did not pay for their fuel). In **Bradley**, the plaintiffs alleged malicious prosecution against the defendant insurance

company. The plaintiffs sought first party benefits from an alleged tortfeasor's insurance company, but the tortfeasor denied the accident occurred. ***Bradley***, 778 A.2d at 709-10. After investigation, the insurance company reported plaintiffs for insurance fraud, and the local district attorney filed charges against plaintiffs. ***Id.*** The ensuing criminal investigation revealed the tortfeasor was lying and law enforcement dropped the charges against the plaintiffs. ***Id.*** at 710.

The plaintiffs thereafter filed a malicious prosecution action against several parties, including two insurance companies. This Court addressed the circumstances under which a private party is liable for malicious prosecution:

> A private individual may be subjected to liability for malicious prosecution: if (a) he initiates or procures the [institution of criminal] proceedings without probable cause and primarily for a purpose other than that of bringing the offender to justice, and (b) the proceedings have terminated in favor of the accused. Criminal proceedings are initiated by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused.

***Id.*** (quoting ***Tomaskevitch v. Specialty Records Corp.***, 717 A.2d 30, 33 (Pa. Cmwlth. 1998), *appeal denied*, 740 A.2d 236 (Pa. 1999)).

The ***Bradley*** Court also relied on the Restatement (Second) of Torts:

> A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the

proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable . . . even though the information proves to be false and his belief was one that a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

*Id.* at 711 (quoting Restatement (Second) of Torts § 653 cmt. g (1977)).

As explained above, the Amended Complaint alleges facts from which a factfinder could reasonably conclude the disputed transaction was a simple matter of clerical error by the Tower Sales clerk. The clerk, however, remains unidentified. Notably, Boyer did not put the clerk on the witness stand at the criminal trial. Amended Complaint, 5/16/12, at ¶ 65. Thus, the Amended Complaint alleges a political vendetta, The Tower Sales Appellees' refusal to accept payment after the fact, and a criminal trial at which Boyer failed to put a key witness on the stand. These allegations permit an inference that the Tower Sales Appellees contacted Boyer despite their

knowledge of a clerical error, and that their desire to have Appellants prosecuted was the determining factor in Boyer's decision to commence prosecution. We therefore conclude the Amended Complaint alleges sufficient facts in support of the malicious prosecution cause of action against the Tower Sales Appellees.

Appellants' next argument is that Boyer cannot claim official immunity from a claim of malicious prosecution.[2] Boyer argues he is immune from Appellants' cause of action pursuant to 42 Pa.C.S.A. § 8546. That section provides official immunity for "any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee," 42 Pa.C.S.A. § 8546. Boyer recognizes, however, that the Act does not apply to willful misconduct on the part of the government employee. 42 Pa.C.S.A. § 8550.

_____

[2] On September 27, 2013, Boyer filed a motion to transfer this appeal to the Commonwealth Court. We denied Boyer's motion by order dated October 10, 2013 and directed the parties to brief the jurisdictional issue for this panel. Boyer argues, pursuant to 42 Pa.C.S.A. § 762(a)(4)(i) and (7), that the Commonwealth Court has exclusive jurisdiction over matters involving municipalities and official immunity. Boyer's Brief at 1. Section 762(a)(4)(i) applies to actions arising under zoning codes, home rule charters, or statutes governing elections or the affairs of municipalities. 42 Pa.C.S.A. § 762(a)(4)(i). It has no obvious application to this appeal. Section 762(a)(7) applies to immunity waivers, but this case does not involve the occurrence of an immunity waiver. We conclude § 762 does not preclude our jurisdiction over this appeal.

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S.A. § 8550. As we have explained, Appellants have alleged sufficient facts from which a factfinder could conclude that Boyer acted with malice. We therefore reject the trial court's finding that Boyer is immune from Appellants' cause of action.

For their final assertion of error, Appellants claim the trial court erred in denying their motion for leave to file a Second Amended Complaint. As we have concluded the trial court erred in sustaining Appellees' preliminary objections to the Amended Complaint, we need not address this argument.

Based on the foregoing, we reverse the order sustaining Appellees' preliminary objections to the Amended Complaint and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

- 12 -