J-A03039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAIFENG CHEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QIONG CHEN AND QIN LIANG CHEN | : | |
| | : | |
| Appellants | : | No. 1203 MDA 2019 |

Appeal from the Judgment Entered September 25, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2015-CV-5089

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED: JUNE 1, 2020**

Appellants, Qiong Chen and Qin Liang Chen, appeal from the Judgment entered September 25, 2019, following a jury verdict that awarded Appellee, Kaifeng Chen, $92,000 in compensatory damages and $200,000 in punitive damages in his claim of malicious prosecution.  We discern neither prejudicial error nor abuse of discretion by the court in the trial proceedings.  Accordingly, we affirm.

## BACKGROUND

In April 2012, Appellee Chen worked as a sushi chef in one of Appellants' restaurants on a trial basis.  Following the trial period, Appellant Mrs. Chen fired Appellee and paid him wages in cash.  A dispute arose concerning the form of payment, whether taxes were withheld, and whether Appellants would provide bus fare (per prior agreement) back to New York City.  Trial Ct. Pa.R.A.P. 1925(a) Op., 9/10/19, at 1-2.

The dispute intensified, with Appellee threatening to report Appellants to authorities. Appellant Mrs. Chen assaulted Appellee, throwing two pots and a ladle of hot oil at him; Appellee called the police. Appellant Mr. Chen arrived at the restaurant, and he too assaulted Appellee, hitting him and knocking him to the ground. *Id.* at 2-3.

When the police arrived, however, Appellants claimed that Appellee had assaulted them. Believing Appellants, the police took Appellee into custody at gunpoint and charged him pursuant to Appellants' claims. *Id.* at 3. The criminal matter proceeded to trial. In October 2014, a jury acquitted Appellee of all charges. *Id.* at 3-4.

In August 2015, Appellee filed a Complaint, asserting that Appellants had instituted criminal proceedings against him maliciously. Complaint, 8/24/15. A jury trial commenced in June 2019.

At trial, Appellee established expenses he incurred to defend against the criminal proceedings, as well as lost wages and other expenses, and he testified to the emotional trauma he suffered. Trial Ct. Pa.R.A.P. 1925(a) Op. at 3-4. Following deliberations, a jury awarded Appellee $92,000 in compensatory damages and $200,000 in punitive damages. *Id.* at 1.

Appellants timely filed Post-Trial Motions, which the trial court denied. Appellants timely appealed[1] and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

## **ISSUES**

Despite purporting to raise thirteen distinct issues on appeal, *see* Appellants' Br. at 6-9, Appellants have organized their argument into four sections. *See* Appellants' Br. at i-ii, 18, 28, 40, 48. Within these four sections, Appellants assert several claims—some overlapping, some distinct. *See id.* at 18-52. We are able to discern the following issues for our review:

1. Whether the trial court erred or abused its discretion in denying Appellants judgment notwithstanding the verdict ["JNOV"] on the claim of malicious prosecution, where Appellee failed to establish that:

   a. Appellants instituted proceedings against Appellee without probable cause and

   b. Appellants acted with malice; and

2. Whether the trial court abused its discretion when it failed to grant Appellants a new trial, where:

   a. The jury award for both compensatory and punitive damages was against the weight of the evidence;

   b. The trial court failed to ensure a fair and impartial jury, permitted improper contact between a juror and a

---

[1] Following the denial of their Post-Trial Motions, Appellants did not praecipe the lower court to enter Judgment prior to filing their appeal. This Court directed Appellants to do so; they complied; and therefore, this appeal is properly before us. *See* Pa.R.A.P. 905(a)(5).

witness, and condoned misconduct by the court-appointed interpreter; and

c. The trial court abused its discretion by admitting Appellants' tax records, where such evidence was unfairly prejudicial.

*See id.*[2]

## JNOV

In their first issue, Appellants assert that the trial court erred or abused its discretion in denying their Post-trial Motion seeking JNOV. Appellants' Br. at 18. According to Appellants, Appellee failed to establish either that Appellants instituted criminal proceedings against him without probable cause or that Appellants acted with malice. *Id.* This claim is without merit.

We review the denial of a request for JNOV for an error of law that controlled the outcome of the case or an abuse of discretion. *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 984 (Pa. Super. 2005). In this context, an "[a]buse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or [ill will]." *Id.* (citation omitted).

When reviewing the denial of a request for JNOV, the appellate court examines the evidence in the light most favorable to the verdict winner.

---

[2] Appellants' presentation of the issues has somewhat hindered our review. We therefore admonish Appellants to conform to our Rules of Appellate Procedure in the future. Pa.R.A.P. 2101, 2116, 2119.

*Thomas Jefferson Univ. v. Wapner*, 903 A.2d 565, 569 (Pa. Super. 2006) (citation omitted). Thus, "the grant of [JNOV] should only be entered in a clear case[.]" *Id.* (citation omitted).

There are two bases upon which a movant is entitled to JNOV: "one, the movant is entitled to judgment as a matter of law, and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant." *Rohm and Haas Co. v. Continental Cas. Co.*, 781 A.2d 1172, 1176 (Pa. 2001) (citation omitted). When an appellant challenges a jury's verdict on this latter basis, we will grant relief only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.*, 126 A.3d 959, 967 (Pa. Super. 2015) (internal citation omitted).

In this case, Appellants suggest that the jury's verdict "is not consistent with the evidence[.]" Appellants' Br. at 28. According to Appellants, the verdict "baffles the mind", and "[t]here is no logical basis for reconciling the evidence presented at trial and the jury's verdict." *Id.* Thus, Appellants seek JNOV on the latter basis. *See Rohm and Haas Co.*, 781 A.2d at 1176.

To establish a claim for malicious prosecution, a plaintiff must establish that the defendants initiated proceedings against the plaintiff (1) without probable cause, (2) with malice, and (3) that the proceedings terminated in plaintiff's favor. *Bradley v. Gen. Accident Ins. Co.*, 778 A.2d 707, 710 (Pa. Super. 2001). The fact-finder may infer malice from the absence of probable cause. *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local Union*

**249**, 544 A.2d 940, 941 (Pa. Super. 1988). In this case, there is no dispute regarding the third element because a jury acquitted Appellee of all criminal charges. Thus, only the first element is truly at issue in this case.

"Probable cause is defined as a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." ***Id.*** at 942 (citation and quotation marks omitted). When a private individual instigates a criminal proceeding against another **with fabricated claims**, there is not a reasonable basis for suspicion—there is not probable cause. ***See generally Bradley***, 778 A.2d at 710-11 (reasoning, based on Restatement (Second) of Torts § 653, that a private individual who instigates a criminal proceeding with information known to be false undermines a police officer's discretion); ***see also Wainauskis v. Howard Johnson Co.***, 488 A.2d 1117, 1123 (Pa. Super. 1985) (affirming the jury finding absence of probable cause where allegations were premised upon hasty and incomplete investigation).

The existence or absence of probable cause is determined by the court when there are no material conflicts in the evidence. ***Wainauskis***, 488 A.2d at 1122. However, where material facts are in controversy, it is the duty of the jury to determine whether the malicious prosecution plaintiff has shown want of probable cause. ***Id.*** As fact-finder, the jury may believe all, part, or none of the evidence, resolve conflicts in the evidence, and make credibility determinations. ***Mader v. Duquesne Light Co.***, 199 A.3d 1258, 1266 (Pa. Super. 2018).

Appellants suggest there was probable cause supporting the criminal proceedings against Appellee. In support of their claim, Appellants recite evidence favorable to them. ***See, e.g.***, Appellants' Br. at 20-26 (recounting testimony by local police, who charged Appellee based on Appellants' accusations). In addition, Appellants observe that the police executed an affidavit of probable cause, the district attorney's office determined to prosecute Appellee, and a district judge held the charges over for trial. ***Id.*** at 25. However, Appellants ignore the substantial, countervailing evidence adduced by Appellee. ***See*** Appellee's Br. at 4-11 (cataloguing trial testimony describing Appellants' assault on Appellee, Appellee's threat to report Appellants to authorities, inconsistencies in Appellants' testimonies, and testimony from local police that charges were filed based solely on Appellants' allegations).

Our review of the record reveals that there was conflicting testimony surrounding the circumstances that led to Appellee's arrest and criminal prosecution. As the trier of fact, the jury credited Appellee's version of these circumstances. Viewing this evidence in the light most favorable to Appellee, the jury was entitled to conclude that Appellants fabricated allegations and procured criminal proceedings against Appellee without probable cause. ***Bradley***, ***supra***; ***Wainauskis***, ***supra***. Moreover, based on the lack of probable cause and, specifically, evidence that Appellants fabricated claims against Appellee, the jury was free to infer that Appellants acted with malice. ***Bradley***, ***supra***; ***Kelley***, ***supra***.

As there was ample evidence to support the jury's verdict, it does not shock one's sense of justice. ***See Sears, Roebuck & Co.***, 126 A.3d at 967. Thus, we discern no abuse of the trial court's discretion in denying Appellants' request for JNOV. ***See Hutchinson***, 876 A.2d at 984.[3]

---

[3] Additionally, we note that Appellants suggest in passing that they are entitled to JNOV as a matter of law because they did not initiate proceedings against Appellee; rather, Appellee did when he first called the police. ***See*** Appellants' Br. at 19. They do not support this assertion with precedent, nor does it accurately reflect the law of this Commonwealth. ***See Bradley***, 778 A.2d 707, 710 (Pa. Super. 2001) (citation omitted) (noting that an individual may be liable for malicious prosecution if he "initiates or **procures the institution** of criminal proceedings without probable cause") (citation omitted; emphasis added). Here, it is beyond dispute that police charged Appellee based solely on Appellants' claims. Thus, they procured the institution of criminal proceedings.

Appellants also suggest they are entitled to a new trial based on the weight of the evidence supporting Appellee's claim for malicious prosecution. Appellants' Br. at 18, 28. Appellants did not preserve this claim in their Post-Trial Motion. ***See*** Post-Trial Motion, 6/24/19 (seeking JNOV based on the weight of the evidence but not a new trial). Thus, we decline to consider it. ***See*** Pa.R.C.P. 227.1(b)(2) (grounds not specified in post-trial motions are waived).

Finally, Appellants suggest they are entitled to JNOV because the jury award of damages was excessive. ***See*** Appellants' Br. at 28. According to Appellants, Appellee did not establish an evidentiary basis to support the jury's compensatory damages award. ***See id.*** at 30-34. The record does not support this assertion. ***See*** N.T. Trial, 6/12/19, at 82-100; N.T. Trial, 6/13/19 a.m., at 48-52. Also, according to Appellants, Appellee did not establish an evidentiary basis for punitive damages because there was no evidence that Appellants acted with malice. ***See*** Appellants' Br. at 38. We reject this assertion. As noted above, the evidence at trial established that Appellants fabricated claims that resulted in the criminal prosecution of Appellee. Based on this outrageous conduct, the jury was free to infer that Appellants acted with malice, thus providing an evidentiary basis for punitive damages. ***Bradley***, ***supra***; ***Wainauskis***, ***supra***.

## NEW TRIAL

In their second issue, Appellants assert that several errors by the trial court entitle them to a new trial. **See** Appellants' Br. at 28, 40, 48. We will address Appellants' claims as presented in their appellate Brief, *i.e.*, as three broad allegations of error, containing several sub-parts. **See id.**

"Trial courts have broad discretion to grant or deny a new trial." **Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1121 (Pa. 2000) (citations omitted). We review trial court's decision for an abuse of discretion or error of law. **Id.** at 1122-23. If we agree that certain errors occurred during trial, we must consider the impact of those errors on the outcome of the case. "Consideration of all new trial claims is grounded firmly in the harmless error doctrine." **Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC**, 40 A.3d 145, 149 (Pa. Super. 2012) (citation omitted). "[A] litigant is entitled only to a fair trial and not a perfect trial." **Lockley v. CSX Transp.**, 5 A.3d 383, 392 (Pa. Super. 2010) (citation omitted). Unless an error occurred that controlled the outcome of a case, we will not reverse a trial court's decision denying a new trial. **Id.** at 388. Thus, it is not sufficient for an appellant to establish that "some irregularity occurred during the trial." **Bennett**, 40 A.3d at 149-50. Rather, the appellant must demonstrate prejudice. **Id.** at 150.

### Damages

In their first allegation of error, Appellants assert that they are entitled to a new trial or remittitur because the compensatory and punitive damages

awarded by the jury were excessive. Appellants' Br. at 28. The decision to grant a new trial limited to damages or a remittitur is within the trial court's discretion. *Tong-Summerford v. Abington Mem'l Hosp.*, 190 A.3d 631, 653-54 (Pa. Super. 2018). An appellate court will not find a verdict excessive unless it is so grossly excessive as to shock the court's sense of justice. *Whitaker v. Frankford Hosp. of City of Philadelphia*, 984 A.2d 512, 523 (Pa. Super. 2009) (citation omitted).

### 1. Compensatory Damages

Regarding compensatory damages, Appellants contend that the jury award was excessive primarily because Appellee was unable to provide specific evidence of his lost wages. Appellants' Br. at 28. However, "[i]n an action for malicious prosecution, compensatory damages may include all of the plaintiff's actual expenses in defending himself, compensation for loss of liberty or time, harm to reputation, physical discomfort, interruption of business, mental anguish, humiliation, and injury to feelings." *Shelton v. Evans*, 437 A.2d 18, 21 (Pa. Super. 1981) (citation omitted). Thus, a plaintiff's damages in a case such as this are not limited to proof of lost wages.

Appellee quantified his actual expenses in defending himself, catalogued his employment history, as well as the disruption to his employment caused by his efforts to defend himself, and testified to the emotional distress inflicted when he was arrested at gunpoint and placed in jail for more than a week before he was able to secure bail. *See* N.T. Trial, 6/12/19, at 82-100; N.T.

Trial, 6/13/19 a.m., at 48-52. In addition, Appellee testified that it took years "to get [his] personal dignity back." N.T. Trial, 6/12/19, at 99.

As we stated in **Shelton**, in awarding compensatory damages, "the jury expressed its opinion of what represented fair compensation for the [tangible and] intangible injuries . . . suffered." **Shelton**, 437 A.2d at 21. Similarly, here, the jury considered Appellee's testimony, found it to be credible, and calculated a reasonable value for his damages. It does not shock this Court's sense of justice. **Whitaker**, **supra**. Therefore, we discern no abuse of discretion in the trial court's denial of a new trial for damages or remittitur. **Tong-Summerford**, **supra**.

### 2. Punitive Damages

Appellants also assert that the punitive damages awarded were grossly excessive because Appellee threatened them with knives, slapped Appellant Mrs. Chen in the face, and threatened to kill Appellants, and the Commonwealth found these allegations sufficiently credible to pursue criminal charges against him. **See** Appellants' Br. at 39. We categorically reject Appellants' argument. To be clear, the jury did not credit this self-serving version of the circumstances surrounding Appellee's arrest.[4]

A jury may award punitive damages in a malicious prosecution case to punish a defendant for his outrageous conduct. **See Shelton**, 437 A.2d at

---

[4] Similarly, we reject Appellants' suggestion that Appellee suffered "strictly economic harm." Appellants' Br. at 35. This Court has identified a broad range of compensable harm. **See Shelton**, 437 A.2d at 21.

22. In assessing punitive damages, the jury may consider the nature of the defendant's conduct, the extent of the harm caused, whether the defendant caused or intended to cause harm to the plaintiff, and the wealth of the defendant. *Id.*; *see also* Restatement (Second) of Torts § 908(2) (1979).

We evaluate a jury's punitive damages award mindful that the size of the award "must be reasonably related to the State's interest in punishing and deterring the particular behavior of the defendant and not the product of arbitrariness or unfettered discretion." *Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.*, 71 A.3d 923, 938 (Pa. Super. 2013) (citation omitted). In *Empire Trucking*, we approved punitive damages more than five times the amount of the compensatory damages awarded. *Id.* at 938-39. Considering the defendant's acts of deception, the harm to the plaintiff's reputation, and the financial distress caused, we concluded that the punitive damages awarded were not grossly disproportionate to the compensatory damages. *Id.* at 939. Thus, we discerned neither error of law nor abuse of the trial court's discretion in refusing to set aside the jury award. *Id.*

In this case, the jury's punitive damages award of $200,000 is slightly more than twice its compensatory damages award of $92,000—significantly lower than the ratio we approved in *Empire Trucking*. Moreover, Appellants' intentional and outrageous conduct inflicted serious harm on Appellee. Appellee was arrested by police at gunpoint, based solely on Appellants' fabricated claims; he was deprived of his liberty; and he incurred unnecessary legal, transportation, and lodging fees as he strove to defend himself against

Appellants' accusations. In turn, these events hindered his employment opportunities and inflicted serious emotional distress. The jury's award does not shock the conscience of this Court. **Whitaker**, **supra**. Thus, we discern no abuse of the trial court's discretion in denying Appellants a new trial or remittitur. **Tong-Summerford**, **supra**.

## Trial Court Conduct

In their second allegation of error in support of their request for a new trial, Appellants present a series of claims targeting the manner in which the trial court conducted this trial. **See** Appellants' Br. at 40-48. "It is axiomatic that the conduct of a trial is the province of the judge. [Her] discretion, exercised without abuse, must control." **DeFulvio v. Holst**, 362 A.2d 1098, 1099 (Pa. Super. 1976). None of Appellants' claims provides any basis for a new trial.

### 1. Acquaintance misconduct

For example, Appellants assert the trial court abused its discretion when it failed to remove Appellee's acquaintance from the courtroom even though she appeared to be coaching Appellee during his testimony. Appellants' Br. at 41-43. Appellants did not preserve this claim in their Pa.R.A.P. 1925(b) Statement. Accordingly, we deem it waived. Pa.R.A.P. 1925(b)(4)(vii).[5]

---

[5] We note, however, that Appellants raised this concern with the court during a break in testimony. N.T. Chambers, 6/13/19, at 3-5, 8, 17-18. The court acknowledged that the acquaintance's behavior was unacceptable, indicated that it would direct her to sit in the back of the courtroom, and suggested that

### 2. Juror misconduct

Next, Appellants assert the court abused its discretion when it failed to replace a juror with an alternate after the juror allegedly engaged in inappropriate *ex parte* communications with Appellee's acquaintance. Appellants' Br. at 43-47. "The discharge of a juror is within the discretion of the trial court." **Commonwealth v. Treiber**, 874 A.2d 26, 31 (Pa. Super. 2005) (citation omitted).

At Appellants' request, the court interviewed a witness to this alleged conversation, as well as the juror allegedly involved. N.T. Chambers, 6/13/19, at 7-11, 14-17. The witness told the judge that he heard the acquaintance say "yes" to the juror. **Id.** at 10. The juror denied any conversation took place but indicated that he observed that the acquaintance "was laughing a lot." **Id.** at 16. The court found no evidence of juror misconduct. Trial Ct. Pa.R.A.P. 1925(a) Op. at 12. Based on the court's finding, we discern no abuse of discretion in the court's refusal to replace the juror. **Treiber**, 874 A.2d at 31.

### 3. Interpreter misconduct

Appellants also assert that the court-appointed interpreter "enjoyed a relationship" with Appellee. Appellants' Br. at 47-48. Briefly, we note the following.

---

any further interference would result in her expulsion from the courtroom. **Id.** Appellants do not suggest any further coaching or interference occurred.

During a break in testimony, Appellants brought to the court's attention that the court-appointed interpreter had a conversation with Appellee. N.T. Chambers, 6/13/19, at 3. The court interviewed the interpreter, who admitted having a short conversation unrelated to the trial proceedings. The court admonished the interpreter to avoid the appearance of any impropriety, and the interpreter agreed to refrain from any further conversations with Appellee. *Id.* at 12-14. In our view, the trial court handled this situation appropriately.[6]

Based on our review of the record, these discrete claims of error challenging the manner in which the court conducted the trial are waived or otherwise devoid of merit and, thus, provide no basis upon which to grant a new trial. *DeFulvio*, 362 A.2d at 1099.

## Evidentiary Ruling

In their third allegation of error, Appellants challenge an evidentiary decision of the trial court. *See* Appellants' Br. at 48. They contend that the court improperly admitted their corporate tax return from fiscal year 2012, suggesting this evidence was unfairly prejudicial to them. *See* Appellants' Br. at 48. In addition, Appellants suggest the court erred in failing to instruct the jury of the limited purpose of this evidence. *Id.* at 49-50.

---

[6] Apparently, **following trial**, a contentious incident occurred between Appellants and the court-appointed interpreter. Appellants' Br. at 47. Appellants baldly suggest that this is evidence that the interpreter and the jury foreperson "in some way influenced the outcome of the trial." *Id.* at 48. Appellants' frivolous claim merits no discussion.

The "[a]dmission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion." *Czimmer v. Janssen Pharmas., Inc.*, 122 A.3d 1043, 1058 (Pa. Super. 2015) (citation omitted). To preserve an evidentiary claim of error on appeal, an appellant must timely object to a trial court's evidentiary determination. Pa.R.C.P. 227.1(b) cmt. ("If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.").

Appellants' claim is waived. Although there was some dispute about the tax return before and during trial, prior to closing arguments, the parties settled the issue. Specifically, Appellants withdrew any challenge to the admissibility of the first page of the tax return and further acquiesced in the admissibility of another page, comprising Form 941, Employer's Quarterly Federal Tax Return, denoting the number of persons employed by Appellants at the restaurant. N.T. Trial, 6/14/19, at 21-23. Further, Appellants did not request a limiting instruction from the court. *Id.* Thus, with Appellants' acquiescence, the trial court admitted these two pages of Appellants' 2012 tax return. *Id.* The trial court admitted no other pages of Appellants' tax return. Because Appellants withdrew their objections, this issue is waived. Pa.R.C.P. 227.1(b).

## Conclusion

Following our review Appellants' claims, we discern no errors that controlled the outcome of this case. Appellants received a fair, if not perfect, trial and suffered no prejudice. **See Lockley**, 5 A.3d at 392; **Bennett**, 40 A.3d at 149. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellants' request for a new trial. **Harman**, 756 A.2d at 1121.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:06/01/2020