514 A.2d 681

Terry Hess, Sr., Appellant *v.* County of Lancaster; City of Lancaster; et al., Appellees.

Argued April 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Michael K. Simon, Metter & Simon,* for appellant.

*James M. Sheenan,* with him, *Timothy I. Mark, Goldberg, Evans & Katzman, P.C.,* for appellees, County of Lancaster and Kathleen V. Mumma.

*George C. Werner, Barley, Snyder, Cooper & Barber,* for appellee, Jerry P. Crump.

OPINION BY JUDGE BARRY, September 5, 1986:

Terry Hess, Sr., appeals an order of the Lancaster County Court of Common Pleas sustaining Jerry Crump's (Crump or appellee) preliminary objections to Hess' complaint that appellee conspired to and engaged in malicious prosecution, malicious abuse of process, false arrest and intentional infliction of emotional distress against Hess.

On February 2, 1976, Hess claims that he overheard Crump suborn the perjured testimony of Randy Klivansky in the men's restroom facility on the third floor of the Lancaster County Courthouse by providing a cash payment to Klivansky to give false testimony as a rebuttal witness for the Commonwealth in the trial of *Commonwealth v. Haefner,*[1] a trial in which Hess was a witness favorable to the defendant. The trial ended in a mistrial when the Court discharged the deadlocked jury. At a subsequent hearing on Haefner's Application to Quash his retrial on March 10-11, 1976, Hess testified that he observed the perjury agreement between Crump and Klivansky on February 2, 1976. At this hearing both Crump and Klivansky denied this charge.[2] Detective Joseph P. Geesey, a City of Lancaster police officer, shortly thereafter initiated an investigation of the testimony of Hess, Klivansky, and Crump. As a result of this investigation, Hess was charged with and

---

[1] No. 3218 of 1975, Lancaster County

[2] The Application to Quash was denied by the Lancaster County Court of Common Pleas. Ultimately, on March 9, 1979 the Supreme Court of Pennsylvania granted the District Attorney's motion to quash the appeal and remanded the case for trial, at which time the charges against Haefner were *nol prossed. Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980).

prosecuted for perjury. On January 19, 1981, the Lancaster County District Attorney's Office *nol prossed* the perjury charged against Hess. On January 14, 1983, Hess filed a complaint against the County of Lancaster, City of Lancaster, Crump, Detective Joseph Geesey, Randy Klivansky and Kathleen V. Mumma, alleging four separate causes of action: malicious prosecution (Count I), malicious abuse of process (Count II), false arrest (Count III), and intentional infliction of emotional distress (Count IV). Crump filed preliminary objections in the nature of a demurrer and on April 11, 1985, the trial court sustained the preliminary objections to Count I, reasoning that Hess had failed to set forth any factual allegations that Crump had initiated or procured the prosecution of Hess. The trial court then sustained Crump's preliminary objections to Counts II, III and IV, finding those actions barred by the applicable statutes of limitation found at 42 Pa. C. S. Section 5524. The court sustained the preliminary objections filed by the other defendants as to all Counts with the exception of the Count I claim against Detective Geesey. Although all those individuals named above are named in this appeal, Hess, in his brief, addresses only the trial court's ruling with respect to Crump and Count I—malicious prosecution.[3]

In ruling on preliminary objections, the court accepts as true all well-pleaded facts and inferences reasonably deducible therefrom, but not averments or conclusions of law. *Moyer v. Davis,* 67 Pa. Commonwealth Ct. 251, 446 A.2d 1855 (1982), *aff'd,* 501 Pa. 192, 460 A.2d 754 (1983).

---

[3] Since Hess' brief only addresses the preliminary objections sustained by the trial court as they pertain to Crump, none of the other parties, with the exception of Ms. Mumma, have filed briefs in this appeal.

Appellee asks that we affirm the trial court inasmuch as it properly concluded that he, Crump, neither initiated nor procured the prosecution of Hess for perjury. In addition, Crump argues that since he did not participate in the filing of the charges and preparation of the complaint, and since Hess did not allege that Crump provided information to the investigation of Hess' alleged perjury, he must be relieved of liability.

The law in Pennsylvania on malicious prosecution is based on the *Restatement (Second) of Torts*.[4] Section 653 reads:

> A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if (a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and (b) the proceedings have terminated in favor of the accused.

*Id. See Shelton v. Evans,* 292 Pa. Superior Ct. 228, 437 A.2d 18 (1981) (citing *Restatement (Second) of Torts* §653). Section 653, comment c, states that criminal proceedings are initiated "by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused." Appellee's testimony denying the bribery charge during the March, 1976 Application to Quash hearing, even if proven false, does not constitute "initiation" of malicious prosecution proceedings. However, under these sections, one who procures a third person to institute criminal proceedings against another is liable just as if he himself

---

[4] *See Neczypor v. Jacobs,* 403 Pa. 303, 169 A.2d 528 (1961).

had initiated the proceedings. We believe Hess adequately states a cause of action against Crump. By sustaining the preliminary objections, the trial court failed to give Hess an opportunity to prove, as he alleges, that Crump procured the institution of malicious prosecution proceedings by influencing a public official, Detective Geesey, through his knowingly false testimony at the March 10-11, 1976 hearing. We are guided in our analysis of the elements of malicious prosecution by comment g of Section 653, which reads:

> A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not.
>
> . . . .
>
> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

*Id.*

The trial court did not, as Crump maintains, conclude that Crump neither initiated or procured the prosecution of Hess. The court merely found that Hess' complaint *failed to allege any factual allegations* that Crump initiated or procured the prosecution of Hess for perjury charges. We disagree. It is not necessary that one who procures the institution of criminal proceedings actually file the charges and prepare the complaint. Moreover, Hess' complaint does allege that Crump gave information to Detective Geesey—in the form of his perjured testimony—which may have been ultimately used to initiate the prosecution of Hess. Hess' complaint reads in relevant part:

(f) Defendants Crump and Klivansky, testifying as Commonwealth witnesses during the March 10-11, 1976 hearing in Commonwealth v. Haefner, committed perjury by testifying falsely under oath that defendant Crump had not paid a bribe to defendant Klivansky on February 2, 1976.

. . . .

COUNT I—MALICIOUS PROSECUTION

13. The defendant's conspiracy and action taken pursuant thereto was undertaken in bad faith and with malice with *the purpose and effect of procuring, instituting and prosecuting the criminal proceeding and arrest falsely without probable cause.*

14. The criminal proceedings against plaintiff were terminated in plaintiff's favor in a manner consistent with plaintiff's innocence on January 19, 1981.

15. The actions of defendants constitute malicious prosecution.

*Id.* (emphasis added).

We believe Hess' complaint adequately states a cause of action for malicious prosecution. We thus reverse the trial court's sustaining of Crump's preliminary objections.

### ORDER

Now, September 5, 1986, it is hereby ordered that the Order of the Lancaster County Court of Common Pleas, No. 111, dated April 11, 1985, sustaining the preliminary objections filed by Jerry Crump, is reversed.