Dorothy D. BRAGLE and William K. Bragle, Plaintiffs,

v.

Officer Robert REVELL, and the Central Medical Center and Hospital, Defendants.

Civ. A. No. 86–2551.

United States District Court, W.D. Pennsylvania.

Nov. 18, 1987.

Evans, Rosen, Portnoy, Puinn & Dona-hue, Pittsburgh, Pa., for plaintiffs.

Marshall J. Tindall, Pittsburgh, Pa., for Central Medical Center.

Bryan Campbell, Pittsburgh, Pa., for Officer Robert Revell.

## OPINION

GERALD J. WEBER, District Judge.

This suit arises out of an altercation at the Emergency Room of Central Medical Health Center on December 3, 1985. Defendants claim that wife-plaintiff was obstructing the litterbearers entrance to the Emergency Room and after refusing several requests to move, was arrested. Wife-plaintiff claims that she was given permission to stand in the hall and was never asked to move. She claims she was wrongfully arrested and that the officer used unreasonable force in effecting the arrest.

Plaintiffs assert claims of false arrest, malicious prosecution, slander and deprivation of liberty without due process, against the officer and the hospital. We previously dismissed claims against the City of Pittsburgh.

Defendant Central Medical now seeks summary judgment on the claims against it. The parties have submitted briefs and while both sides refer to the deposition testimony of witnesses and parties, the only evidentiary material submitted to us is the wife-plaintiff's deposition.

Plaintiffs have asserted a claim of slander against Central Medical. It is alleged that a nurse called wife-plaintiff a "troublemaker" in the presence of the officer, and two friends of the wife-plaintiff. Defendant argues that the slander claim fails because it was heard only by persons who staunchly supported plaintiff. First of all, there is no evidentiary material of record concerning the reaction of plaintiffs' friends to the alleged slander. Second, the comment was also communicated to the officer. Third, the relationship of the hearer is irrelevant. As long as the disparagement is communicated to a third person, the element of the cause of action is satisfied. It may however have a bearing on other aspects of this cause of action, such as defamatory meaning, or on damages. Summary judgment on the slander claim will be denied.

Defendant also seeks summary judgment on the malicious prosecution claim. Defendant argues that its nurse did not request the officer's assistance, nor did she ask him to arrest wife-plaintiff, but rather the officer witnessed the events, volunteered to intervene, and made the arrest on his own judgment. Outside of the fact that this version is not supported by evidentiary material, the wife-plaintiff's testimony presents a drastically different version. According to the deposition transcript, the nurse accompanied the officer down the hall, falsely stating that she had previously asked wife-plaintiff to move, and that the officer arrested plaintiff immediately based on the nurse's falsehood. While the officer actually filed the charges, that is not dispositive. If a party procures the arrest and prosecution of another by providing false information to the police, that party may be subject to a charge of malicious prosecution. *Hess v. County of Lancaster,* 100 Pa.Commw. 316, 514 A.2d 681 (1986).

The facts as related by the parties differ greatly. These discrepancies must be resolved by a factfinder after trial of the issues. The parties have filed Pretrial Narratives and a Pretrial Conference will be scheduled shortly.