**John T. TOMASKEVITCH, Appellant,**

v.

**SPECIALTY RECORDS CORP., a Division of Wea Manuf. and David Yankelitis and Borough of Olyphant.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.
Decided Aug. 24, 1998.

Gregory A. Germain, Scranton, for appellant.

Maureen E. Kelly, Scranton, for appellee, Specialty Records Corp.

Before SMITH and LEADBETTER, JJ., and MIRARCHI, JR., Senior Judge.

LEADBETTER, Judge.

John T. Tomaskevitch appeals from an order of the Court of Common Pleas of Lackawanna County granting summary judgment in favor of Specialty Records Corporation (Specialty Records) in a civil action for malicious prosecution. We affirm.

When reviewing an order granting summary judgment, we must examine the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 98–99, 674 A.2d 1038, 1041 (1996).

The evidence of record *taken in the light most favorable to appellant* is as follows. He was employed by Specialty Records for thirteen years. Over the years, he purchased cassette tapes and compact discs on a regular basis from the employer store. For a brief period of time, his purchases from the store were marked with a "starburn." The selections he purchased cost between a quarter and one dollar each. The company had a

rule limiting purchases to a single copy of each selection, but because the policy was not always enforced by store employees, he often purchased multiple copies of certain preferred items. Consequently, he amassed a large musical collection, including multiple copies of selections and selections without a starburn.

On or about September 4, 1990, appellant's mother's home was being remodeled and she requested that he temporarily remove his collection of tapes and discs from the home. He complied by placing the collection in his van. On September 4, 1990, at approximately 11:00 p.m., Officer David Yankelitis of the Borough of Olyphant Police Department noticed appellant outside a barroom bent over looking into his van. The officer approached appellant and observed a large number of tapes and compact discs in the van. The officer inquired about the tapes and appellant advised that he had purchased them from his employer. The officer requested receipts. Appellant had one pack of recordings with receipts still on it, but he did not have receipts for the others. Officer Yankelitis initiated a criminal investigation, confiscated the cassette tapes and compact discs, and inventoried over 500 items. Over the course of forty-five days, the officer received information from a Specialty Records security officer, tape supervisor, plant manager, and store supervisor. They informed him that company policy restricted employees to purchasing one copy of any selection and all employee-purchased items were marked with a starburn. They also stated that it was unlikely the tapes found in appellant's van had been lawfully acquired from Specialty Records because multiple copies and tapes without starburns were found. Although the existence of the company's policies was undisputed, appellant in his response to the summary judgment motion pointed to the testimony in his criminal trial[1] of one Carol Cirba that "she had personal knowledge of the fact that multiple copies of the same tape could be acquired by employees at the premises of the Defendant Specialty."

On or about October 19, 1990, the Borough of Olyphant Police Department made a decision to arrest appellant and charge him with stealing the confiscated cassette tapes and compact discs from Specialty Records. Officer Yankelitis effected the arrest on October 19, 1990. At the preliminary hearing, the magistrate ordered appellant held for trial on charges of theft of thirty-one cassette tapes, namely twenty-nine "Rat" tapes, one "Vamp" tape, and one "Black Rain" tape. At some point during the course of the proceedings, Specialty Records terminated appellant's employment. On October 15, 1992, a jury acquitted appellant of all charges. Thereafter, appellant filed this malicious prosecution action against Specialty Records, Officer Yankelitis and the Borough of Olyphant, seeking recovery for alleged damage to his reputation, business and credit, as well as the cost of defending himself in the criminal prosecution.

After taking the deposition testimony of appellant and Officer Yankelitis, Specialty Records moved for summary judgment. A hearing on the motion was held. The trial court concluded that the record failed to show a want of probable cause in the underlying criminal prosecution. Accordingly, on October 25, 1996, the trial court entered summary judgment in favor of Specialty Records.[2] This timely appeal followed.

The grant of summary judgment is proper if, after reviewing the evidence in the light most favorable to the non-moving party, it is clear that the movant is entitled to judgment as a matter of law. Pa. R.C.P. 1035. In examining questions of law, our review is plenary. *Ertel; Phillips v. A–Best Products Co.*, 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).

---

1. It does not appear that any transcripts of the criminal trial were attached to the response.

2. On November 25, 1996, the trial court amended its October 25 order to include an express determination that an immediate appeal would facilitate resolution of the entire case against the remaining defendants Officer Yankelitis and the Borough of Olyphant. The trial court may enter a "final order" as to one but fewer than all claims upon an express determination that an immediate appeal would facilitate resolution of the entire case. Pa. R.A.P. 341(c).

A cause of action for malicious prosecution generally requires proof that the defendant (1) instituted criminal proceedings against the plaintiff (2) without probable cause (3) with malice and (4) that the proceedings terminated in favor of the plaintiff. *Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union 249*, 518 Pa. 517, 520–521, 544 A.2d 940, 941 (1988). *See also DeSalle v. Penn Cent. Transp. Co.*, 263 Pa. Superior Ct. 485, 398 A.2d 680 (1979). Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense. *Hugee v. Pennsylvania R. Co.*, 376 Pa. 286, 290, 101 A.2d 740, 742 (1954). "Absence of probable cause is an indispensable element of the action and it is not conclusively established by an adjudication of [not guilty] in the prior proceedings." *Turano v. Hunt*, 158 Pa.Cmwlth. 348, 631 A.2d 822, 824 (1993). The showing of probable cause is an absolute defense to a charge of malicious prosecution. *Id.*

Were we examining a grant of summary judgment in favor of the Borough and Officer Yankelitis, our inquiry would end here, for the above-noted facts make clear that the police had ample probable cause to arrest appellant. However, the issue is somewhat more complex where an action for malicious prosecution is brought against a complainant or witness who provides information to police.

A private person is subject to liability for malicious prosecution " 'if (a) he initiates or procures the [institution of criminal] proceedings without probable cause and primarily for a purpose other than that of bringing the offender to justice, and (b) the proceedings have terminated in favor of the accused.' " *Hess v. County of Lancaster*, 100 Pa.Cmwlth. 316, 514 A.2d 681, 683 (1986) [quoting Restatement (Second) of Torts § 653 (1977)]. "[C]riminal proceedings are initiated 'by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused.' " *Id.* (quoting Section 653 cmt. c). The *Hess* court quoted with approval the following portion of Section 653, comment g:

> [G]iving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated ·by the officer if it is left entirely to his discretion to initiate the proceedings or not. ... If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

*Id.* 514 A.2d at 683.

Although spinning numerous theories, appellant profferred no evidence upon which a jury could have found that Specialty Records personnel knowingly provided false information, that they had any motive other than to bring a dishonest employee to justice, nor that pressure by Specialty Records[3] was the determining factor in the decision to arrest. Moreover, although in his brief to this court he asserts that he "intends to call witnesses and conduct other discovery which reasonably question the existence of probable cause,"[4] he did not object to summary judg-

---

3. There is uncorroborated hearsay testimony [in appellant's deposition] that Borough of Olyphant Police Chief Jim Foley told appellant that Specialty Records was "pushing" for a prosecution of appellant. However, Officer Yankelitis testified unequivocally that the decision to arrest was made by the District Attorney and the police. (Dep. of 4/30/96, pp. 17–18.)

4. Indeed, appellant appears to have proceeded throughout this case upon the misapprehension that he could satisfy his affirmative burden of proof by casting some doubt upon the credibility of the defense witnesses.

ment on the ground that it was premature and request additional time for discovery.[5] Instead, he asserted in response that factual disputes as to Specialty Record's wrongful institution of the criminal proceedings were "evidenced not only by the pleadings but by the depositions and testimony given in these civil proceedings and the transcripts of testimony in the underlying criminal trial ... " However, he pointed to no such evidence which would establish the existence of three essential elements as to which he bears the burden of proof in his action against Specialty Records.

Accordingly, we affirm the judgment of the trial court.

### ORDER

AND NOW, this 24th day of August, 1998, the order of the Court of Common Pleas of Lackawanna County granting summary judgment in favor of Specialty Records Corp. is hereby affirmed.

---

5. Similarly, no claim of error is raised in this appeal that the trial court should have deferred its ruling, although such an argument would in any case have been waived. Where a summary judgment motion is brought by the defendant before discovery has closed, it is incumbent upon the plaintiff – if he requires additional discovery in order to adduce sufficient evidence to establish an essential element of his case – to defend the motion on this basis. He may not defend against summary judgment on the merits and then, after he loses, claim that he required additional discovery.