J. S84032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENDALL GARLAND, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 2433 EDA 2018 |
| | : | |
| DAGE GARDNER, ET AL. | : | |

Appeal from the Order Entered July 20, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. July Term, 2018 No. 1810

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 11, 2019**

Kendall Garland appeals ***pro se*** from the July 20, 2018 order[1] granting his ***in forma pauperis*** ("IFP") petition and dismissing his complaint against appellees, Probation Officers Dage Gardner, Benjamin Mallow, and David Knorr; "Unknown Arresting Officer;" and the City of Philadelphia, for failure to set forth a cause of action upon which relief could be granted,

---

[1] Both our supreme court and this court have recognized that orders that grant or deny IFP status and dismiss companion complaints as frivolous are final and appealable. ***See Grant v. Blaine***, 868 A.2d 400, 402-403 (Pa. 2005); ***Crosby Square Apartments v. Henson***, 666 A.2d 737, 738 (Pa.Super. 1995).

pursuant to Pa.R.C.P. 240(j)(1).[2]  After careful review, we affirm on the basis of the well-reasoned opinion of the trial court.[3]

The trial court summarized the relevant facts and procedural history of this case as follows:

> [On July 17, 2018, appellant] commenced this action against [appellees].  [Appellant] contemporaneously filed a Petition to Proceed **In Forma Pauperis** [], which was assigned to this court.  As permitted under Pa.R.C.P. 240(j)(1), the court reviewed the IFP Petition and the Complaint.
>
> . . . .
>
> The Complaint includes nine counts and states claims for malicious prosecution; false arrest and imprisonment; abuse of process; "retaliation for success related to the January, 2017 SORNA[4] charges"; and "punishment without due process and the violation of [appellant's] rights to be free from **Ex Post Facto** Puni[s]hment ([Appellant] required and still currently being required to register in violation of the Pa Supreme Court **Muniz**[5] decision)."
>
> Upon review, the court granted the IFP Petition and dismissed the action as frivolous [on July 20, 2018].

Trial court opinion, 9/17/18 at 1-3 (quotation marks in original).

---

[2] The caption has been amended to acknowledge the additional appellees.

[3] No appellee brief was filed in this matter.

[4] Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

[5] **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **cert. denied**, ___ U.S. ___, 138 S.Ct. 925 (2018).

On August 15, 2018, appellant filed a timely ***pro se*** notice of appeal. The trial court did not direct appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On September 17, 2018, the trial court filed an opinion.

Appellant raises the following issues for our review:

1.    Does the Complaint state a claim upon which relief may be granted?

[2].    And should [appellant] have either been given latitude as a ***pro se*** litigant and/or at least been given the opportunity to amend the complaint if the complaint did not technically state a claim (since the gist of the issues in the complaint are clear and obvious and the complaint, even though [appellant] asserts that it does state a claim, it could be validly and easily amended to cure any potential defects in the pleadings)[?]

Appellant's brief at 3.[6]

"Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Ocasio v. Prison Health Servs.***, 979 A.2d 352, 354 (Pa.Super. 2009) (citation omitted). Rule 240(j) provides, in relevant part, as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed

---

[6] Appellant's brief does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

> *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1) (emphasis added). "Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action." ***Ocasio***, 979 A.2d at 354 (citation and internal quotation marks omitted).

Instantly, appellant contends that he possessed viable causes of action against appellees for malicious prosecution, false imprisonment, abuse of process, "retaliation," and various due process violations presumably under 42 U.S.C.A. § 1983.[7] (Appellant's brief at 5-9.)

Following our careful review of the record, including appellant's brief and the applicable law, and in light of this court's scope and standard of review, it is our determination that there is no merit to the issues raised on appeal. The trial court's September 17, 2018 opinion comprehensively discusses and disposes of each of appellant's claims. (***See*** trial court opinion, 9/17/18 at 3-7.) We agree with the trial court that, "the Complaint fails to set forth facts essential to support any of the stated causes of action." (***Id.*** at 4.) Moreover, in reaching this conclusion, we emphasize that,

> [a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself

---

[7] 42 U.S.C.A. § 1983, Civil action for deprivation of rights.

> in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010) (citations omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011).

Accordingly, we discern no error on the part of the trial court in dismissing appellant's complaint under Rule 240(j)(1), and adopt the trial court's opinion as our own for purposes of this appellate review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/19

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **KENDALL GARLAND** | : | **JULY TERM, 2018** |
| | : | |
| **v.** | : | **NO. 1810** |
| | : | |
| **DAGE GARDNER et al.** | : | **SUPERIOR COURT NO.** |
| | : | **2433 EDA 2018** |
| | : | **2481 EDA 2018[1]** |

## OPINION

Plaintiff Kendall Garland, *pro se*, appeals this court's Order dismissing his action as

frivolous pursuant to Pa.R.C.P. 240(j)(1).

Garland Vs Gardner Etal-OPFLD

18070181000012

### FACTUAL and PROCEDURAL HISTORY

Plaintiff commenced this action against Defendants Dage Gardner, Benjamin Mallow,

David Knorr, "Unknown Arresting Officer", and City of Philadelphia by Complaint. Plaintiff

contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP Petition"), which was

assigned to this court. As permitted under Pa.R.C.P. 240(j)(1), the court reviewed the IFP

Petition and the Complaint.

The Complaint states (under a heading labeled "Introductory Statement") that:

> This is an action for monetary damages against Pennsylvania Parole Board
> Officers, Agent Dage Gardner, Agent Benjamin Mallow, and Agent David Knorr,
> and an unknown arresting Philadelphia Police Officer or Pennsylvania State
> Trooper and the City of Philadelphia for false arrest, false imprisonment,
> deprivation of due process and punishment without due process, malicious
> prosecution, and retaliation arising from plaintiff's unjustified and unlawful arrest
> for alleged violations of SORNA[2] registration requirements on or about

---

[1] Upon review of this court's dockets, Plaintiff filed one appeal under Philadelphia CCP No. 180701810. The
Superior Court issued two docket sheets. In that the appeal involves one Order, this court issues one Opinion.

[2] Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41.

approximately January or February, 2017 and March, 2017; also for false arrest and imprisonment, malicious prosecution and abuse of process stemming from improper initiation of revocation proceedings, improper sentencing of the plaintiff, and revocation of plaintiff's probation sentence in 2014; and also for plaintiff's unjustified and unlawful arrest for an alleged violation of probation in August, 2017 by Agent Knorr where there was no basis whatsoever for the plaintiff's arrest and detention, and where also Agent Knorr arrested the plaintiff in retaliation for the plaintiff's success in defending against the earlier SORNA violation charges lodged, and also where the plaintiff has also subsequently had his sentence of probation vacated and the plaintiff also should not even have been under punitive probationary supervision or on probation to begin with (as related to both the January, 2017 SORNA arrest, including an extended incarceration relating thereto, and the August, 2017 arrest).  Defendant sought to harm plaintiff, Mr. Garland and Mr. Garland's liberty interests and also caused the plaintiff to suffer loss of liberty, loss of property, loss of income and job prospects, as well as the loss of the opportunity to pursue and further the plaintiff's career goals due to incarceration from approximately February 6, 2017 to June 6, 2017 and incarceration from approximately August 8, 2017 to December 12, 2017 as well as incarceration from May 6, 2014 to January 23, 2016.  The plaintiff also has incurred various injuries from being punished without due process during the period from 2012 to presently as a result of being required to register in violation of plaintiff's due process rights and the plaintiff's rights to be free from ex post facto punishment (per the Pa. Supreme Court's decision of Commonwealth v. Muniz).[3]  Defendants have also caused extreme emotional distress due to the prospect of the plaintiff having to defend himself against charges lodged against him and facing potentially 20 years of incarceration, which at the plaintiff's age would amount to spending the remaining part of his life in jail.

The "Facts" section of the Complaint is divided into subsections titled "A. Facts regarding the charges for alleged SORNA violation arrest in 2017"; "B. Facts regarding the false arrest and imprisonment for alleged 2017 probation violation"; "C. Facts related to conditions now ruled as punishment under Muniz and also punishment without due process from 2012 to 2018 as a result of being required to register under the law when no valid law

---

[3] *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017).

existed; and "D. Facts related to the False Arrest and Imprisonment regarding the 2014 revocation of probation and that sentence being vacated."

The Complaint includes nine counts and states claims for malicious prosecution; false arrest and imprisonment; abuse of process; "retaliation for success related to the January, 2017 SORNA charges"; and "punishment without due process and the violation of plaintiff's rights to be free from Ex Post Facto Puni[s]hment (Plaintiff required and still currently being required to register in violation of the Pa Supreme Court Muniz decision)."

Upon review, the court granted the IFP Petition and dismissed the action as frivolous. This appeal followed.

## DISCUSSION

In relevant part, Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

A frivolous action or proceeding has been defined as "one that lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note. An action is frivolous "if, on its face, it does not set forth a valid cause of action." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa.Super. 2009). Pennsylvania is a fact pleading state, and a complaint must not only give the defendant notice of the plaintiff's claim and the grounds upon which it rests, but must summarize those facts essential to support the claim. *Donaldson v. Davidson*

*Brothers, Inc.,* 144 A.3d 93, 103 (Pa.Super. 2016). Here, the Complaint fails to set forth facts essential to support any of the stated causes of action.

The tort of malicious prosecution "imposes liability on a private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged when: (1) the proceedings are initiated or procured without probable cause and primarily for a purpose other than that of bringing an offender to justice; and (2) the proceedings are terminated in the favor of the accused." *Hess v. Lancaster County,* 100 Pa. Commw. 316, 514 A.2d 681 (1986). Here, the Complaint does not allege that Defendants, as private persons, initiated any of the proceedings described in the Complaint without probable cause or for a purpose other than that of bringing an offender to justice. The Complaint's only substantive allegation regarding the initiation of criminal proceedings is that "Defendants first and foremost should never have brought [SORNA violation] charges against the plaintiff solely upon the allegation of someone who was allegedly representing himself as a representative of a treatment facility for mental health or a treatment facility for a drug and alcohol program." This allegation is factually vague, and fails to allege the necessary elements of the stated cause of action. As such, the Complaint fails to state a claim for malicious prosecution.

Under Pennsylvania law, false arrest is synonymous with false imprisonment. *Gagliardi v. Lynn,* 446 Pa. 144, 149, 285 A.2d 109, 111 (1971). The elements of false imprisonment are "(1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. City of Pittsburgh,* 537 Pa. 68, 76, 641 A.2d 289, 293 (1994). An action for false arrest requires that the process used for the arrest was void on its face or that the issuing tribunal

was without jurisdiction; it is not sufficient that the charges were unjustified. *Strickland v. Univ. of Scranton*, 700 A.2d 979, 984 (Pa.Super. 1997). Here, the Complaint fails to allege that Defendants lacked probable cause for any of the arrests or detainment described in the Complaint, or that the process used for the arrests was void on its face. The Complaint also fails to allege any facts to support the conclusory allegation that "the actions and conduct of defendants City of Philadelphia and Probation Officer Agent Dage Gardner constitute and resulted in the false arrest and imprisonment of plaintiff Garland." As such, the Complaint fails to state a claim for false arrest or false imprisonment.

The tort of abuse of process is defined as "the use of legal process against another primarily to accomplish a purpose for which it is not designed." *Greenberg v. McGraw*, 2017 PA Super 136, 161 A.3d 976, 990 (Pa.Super. 2017). To establish a claim for abuse of process it must be shown that "the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Id.* The "gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure." *Id.* Here, the Complaint alleges that Defendant Gardner "made a baseless lie at the plaintiff's Gagnon II probation hearing...in order to create a false basis for the Court to revoke probation." This allegation lacks sufficient factual specificity, in that the Complaint does not describe the "baseless lie" or how it constitutes a misuse of the legal process. Moreover, there are no factual allegations that Defendants benefitted from any behavior described in the Complaint. As such, the Complaint fails to state a claim for abuse of process.

The Complaint's allegation of "retaliation" is also legally insufficient, in that "retaliation" is not a stand alone cause of action. A prisoner may state a claim against prison officials for retaliation for exercising a constitutional right. *Yount v. Department of Corrections*, 600 Pa. 418, 426, 966 A.2d 1115, 1120 (2009). If so, the prisoner "must allege that he engaged in constitutionally protected conduct, that prison officials took adverse action, and that the protected conduct was a substantial or motivating factor for the action." *Id.* Here, the Complaint's allegations of retaliation are not related to Plaintiff's incarceration. Moreover, the Complaint fails to allege that Defendants retaliated against Plaintiff for engaging in constitutionally protected conduct. Instead, the Complaint makes the conclusory allegation that "Defendants City of Philadelphia and Probation Officer Agent David Knorr were both retaliating against the plaintiff in arresting and/or falsely imprisoning the plaintiff in August, 2017." As such, the Complaint fails to state a valid claim.

The Complaint's last stated cause of action is "punishment without due process and the violation of plaintiff's rights to be free from Ex Post Facto Pun[is]hment." Although not stated in the body of the Complaint, it appears that Plaintiff is seeking compensatory damages for due process violations pursuant to 42 U.S.C. § 1983.[4] In determining whether plaintiffs have stated a cause of action under Section 1983, "the inquiry must focus on whether the two essential elements of the action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Hennessy v. Santiago*, 708 A.2d 1269, 1274

---

[4] The cover sheet of the Complaint identifies the "statutory basis for cause of action" as "section 1983, 42 U.S.C."

(Pa.Super. 1998). A plaintiff pursuing a cause of action under Section 1983 "must plead the facts that give rise to the claimed deprivation of civil liberties and specifically avoid vague and conclusory allegations." *Scott v. Willis*, 116 Pa. Cmwlth. 327, 337, 543 A.2d 165, 170 (1988). Here, the Complaint alleges that "Defendant City of Philadelphia, Agent Benjamin Mallow and Unknown arresting officer [were] recklessly indifferent regarding the plaintiff's ex post facto rights and has also exhibited a culture of being indifferent to [its'] citizen['s] civil rights." As the Complaint does not state what specific actions by Defendants deprived Plaintiff of his civil liberties, or how Defendants were "recklessly indifferent", Plaintiff's allegations are both improperly vague and conclusory. As such, the Complaint fails to set forth a claim under Section 1983.

For the foregoing reasons, this court's Order dismissing Plaintiff's action as frivolous should be affirmed.

**BY THE COURT:**


_____
**IDEE C. FOX, J.**

Date: _____

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **KENDALL GARLAND** | : | **JULY TERM, 2018** |
| | : | |
| **v.** | : | **NO. 1810** |
| | : | |
| **DAGE GARDNER et al.** | : | **SUPERIOR COURT NO.** |
| | : | **2433 EDA 2018** |
| | : | **2481 EDA 2018[1]** |

## OPINION

Plaintiff Kendall Garland, *pro se*, appeals this court's Order dismissing his action as frivolous pursuant to Pa.R.C.P. 240(j)(1).

## FACTUAL and PROCEDURAL HISTORY

Plaintiff commenced this action against Defendants Dage Gardner, Benjamin Mallow, David Knorr, "Unknown Arresting Officer", and City of Philadelphia by Complaint. Plaintiff contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP Petition"), which was assigned to this court. As permitted under Pa.R.C.P. 240(j)(1), the court reviewed the IFP Petition and the Complaint.

The Complaint states (under a heading labeled "Introductory Statement") that:

> This is an action for monetary damages against Pennsylvania Parole Board Officers, Agent Dage Gardner, Agent Benjamin Mallow, and Agent David Knorr, and an unknown arresting Philadelphia Police Officer or Pennsylvania State Trooper and the City of Philadelphia for false arrest, false imprisonment, deprivation of due process and punishment without due process, malicious prosecution, and retaliation arising from plaintiff's unjustified and unlawful arrest for alleged violations of SORNA[2] registration requirements on or about

---

[1] Upon review of this court's dockets, Plaintiff filed one appeal under Philadelphia CCP No. 180701810. The Superior Court issued two docket sheets. In that the appeal involves one Order, this court issues one Opinion.

[2] Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41.

approximately January or February, 2017 and March, 2017; also for false arrest and imprisonment, malicious prosecution and abuse of process stemming from improper initiation of revocation proceedings, improper sentencing of the plaintiff, and revocation of plaintiff's probation sentence in 2014; and also for plaintiff's unjustified and unlawful arrest for an alleged violation of probation in August, 2017 by Agent Knorr where there was no basis whatsoever for the plaintiff's arrest and detention, and where also Agent Knorr arrested the plaintiff in retaliation for the plaintiff's success in defending against the earlier SORNA violation charges lodged, and also where the plaintiff has also subsequently had his sentence of probation vacated and the plaintiff also should not even have been under punitive probationary supervision or on probation to begin with (as related to both the January, 2017 SORNA arrest, including an extended incarceration relating thereto, and the August, 2017 arrest). Defendant sought to harm plaintiff, Mr. Garland and Mr. Garland's liberty interests and also caused the plaintiff to suffer loss of liberty, loss of property, loss of income and job prospects, as well as the loss of the opportunity to pursue and further the plaintiff's career goals due to incarceration from approximately February 6, 2017 to June 6, 2017 and incarceration from approximately August 8, 2017 to December 12, 2017 as well as incarceration from May 6, 2014 to January 23, 2016. The plaintiff also has incurred various injuries from being punished without due process during the period from 2012 to presently as a result of being required to register in violation of plaintiff's due process rights and the plaintiff's rights to be free from ex post facto punishment (per the Pa. Supreme Court's decision of Commonwealth v. Muniz).[3] Defendants have also caused extreme emotional distress due to the prospect of the plaintiff having to defend himself against charges lodged against him and facing potentially 20 years of incarceration, which at the plaintiff's age would amount to spending the remaining part of his life in jail.

The "Facts" section of the Complaint is divided into subsections titled "A. Facts regarding the charges for alleged SORNA violation arrest in 2017"; "B. Facts regarding the false arrest and imprisonment for alleged 2017 probation violation"; "C. Facts related to conditions now ruled as punishment under Muniz and also punishment without due process from 2012 to 2018 as a result of being required to register under the law when no valid law

---

[3] *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017).

existed; and "D. Facts related to the False Arrest and Imprisonment regarding the 2014 revocation of probation and that sentence being vacated."

The Complaint includes nine counts and states claims for malicious prosecution; false arrest and imprisonment; abuse of process; "retaliation for success related to the January, 2017 SORNA charges"; and "punishment without due process and the violation of plaintiff's rights to be free from Ex Post Facto Puni[s]hment (Plaintiff required and still currently being required to register in violation of the Pa Supreme Court Muniz decision)."

Upon review, the court granted the IFP Petition and dismissed the action as frivolous. This appeal followed.

## DISCUSSION

In relevant part, Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

A frivolous action or proceeding has been defined as "one that lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note. An action is frivolous "if, on its face, it does not set forth a valid cause of action." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa.Super. 2009). Pennsylvania is a fact pleading state, and a complaint must not only give the defendant notice of the plaintiff's claim and the grounds upon which it rests, but must summarize those facts essential to support the claim. *Donaldson v. Davidson*

*Brothers, Inc.,* 144 A.3d 93, 103 (Pa.Super. 2016). Here, the Complaint fails to set forth facts essential to support any of the stated causes of action.

The tort of malicious prosecution "imposes liability on a private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged when: (1) the proceedings are initiated or procured without probable cause and primarily for a purpose other than that of bringing an offender to justice; and (2) the proceedings are terminated in the favor of the accused." *Hess v. Lancaster County,* 100 Pa. Commw. 316, 514 A.2d 681 (1986). Here, the Complaint does not allege that Defendants, as private persons, initiated any of the proceedings described in the Complaint without probable cause or for a purpose other than that of bringing an offender to justice. The Complaint's only substantive allegation regarding the initiation of criminal proceedings is that "Defendants first and foremost should never have brought [SORNA violation] charges against the plaintiff solely upon the allegation of someone who was allegedly representing himself as a representative of a treatment facility for mental health or a treatment facility for a drug and alcohol program." This allegation is factually vague, and fails to allege the necessary elements of the stated cause of action. As such, the Complaint fails to state a claim for malicious prosecution.

Under Pennsylvania law, false arrest is synonymous with false imprisonment. *Gagliardi v. Lynn,* 446 Pa. 144, 149, 285 A.2d 109, 111 (1971). The elements of false imprisonment are "(1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. City of Pittsburgh,* 537 Pa. 68, 76, 641 A.2d 289, 293 (1994). An action for false arrest requires that the process used for the arrest was void on its face or that the issuing tribunal

was without jurisdiction; it is not sufficient that the charges were unjustified. *Strickland v. Univ. of Scranton*, 700 A.2d 979, 984 (Pa.Super. 1997). Here, the Complaint fails to allege that Defendants lacked probable cause for any of the arrests or detainment described in the Complaint, or that the process used for the arrests was void on its face. The Complaint also fails to allege any facts to support the conclusory allegation that "the actions and conduct of defendants City of Philadelphia and Probation Officer Agent Dage Gardner constitute and resulted in the false arrest and imprisonment of plaintiff Garland." As such, the Complaint fails to state a claim for false arrest or false imprisonment.

The tort of abuse of process is defined as "the use of legal process against another primarily to accomplish a purpose for which it is not designed." *Greenberg v. McGraw*, 2017 PA Super 136, 161 A.3d 976, 990 (Pa.Super. 2017). To establish a claim for abuse of process it must be shown that "the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Id.* The "gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure." *Id.* Here, the Complaint alleges that Defendant Gardner "made a baseless lie at the plaintiff's Gagnon II probation hearing...in order to create a false basis for the Court to revoke probation." This allegation lacks sufficient factual specificity, in that the Complaint does not describe the "baseless lie" or how it constitutes a misuse of the legal process. Moreover, there are no factual allegations that Defendants benefitted from any behavior described in the Complaint. As such, the Complaint fails to state a claim for abuse of process.

The Complaint's allegation of "retaliation" is also legally insufficient, in that "retaliation" is not a stand alone cause of action. A prisoner may state a claim against prison officials for retaliation for exercising a constitutional right. *Yount v. Department of Corrections*, 600 Pa. 418, 426, 966 A.2d 1115, 1120 (2009). If so, the prisoner "must allege that he engaged in constitutionally protected conduct, that prison officials took adverse action, and that the protected conduct was a substantial or motivating factor for the action." *Id.* Here, the Complaint's allegations of retaliation are not related to Plaintiff's incarceration. Moreover, the Complaint fails to allege that Defendants retaliated against Plaintiff for engaging in constitutionally protected conduct. Instead, the Complaint makes the conclusory allegation that "Defendants City of Philadelphia and Probation Officer Agent David Knorr were both retaliating against the plaintiff in arresting and/or falsely imprisoning the plaintiff in August, 2017." As such, the Complaint fails to state a valid claim.

The Complaint's last stated cause of action is "punishment without due process and the violation of plaintiff's rights to be free from Ex Post Facto Pun[is]hment." Although not stated in the body of the Complaint, it appears that Plaintiff is seeking compensatory damages for due process violations pursuant to 42 U.S.C. § 1983.[4] In determining whether plaintiffs have stated a cause of action under Section 1983, "the inquiry must focus on whether the two essential elements of the action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Hennessy v. Santiago*, 708 A.2d 1269, 1274

---

[4] The cover sheet of the Complaint identifies the "statutory basis for cause of action" as "section 1983, 42 U.S.C."

(Pa.Super. 1998).  A plaintiff pursuing a cause of action under Section 1983 "must plead the facts that give rise to the claimed deprivation of civil liberties and specifically avoid vague and conclusory allegations."  *Scott v. Willis*, 116 Pa. Cmwlth. 327, 337, 543 A.2d 165, 170 (1988).  Here, the Complaint alleges that "Defendant City of Philadelphia, Agent Benjamin Mallow and Unknown arresting officer [were] recklessly indifferent regarding the plaintiff's ex post facto rights and has also exhibited a culture of being indifferent to [its'] citizen['s] civil rights."  As the Complaint does not state what specific actions by Defendants deprived Plaintiff of his civil liberties, or how Defendants were "recklessly indifferent", Plaintiff's allegations are both improperly vague and conclusory.  As such, the Complaint fails to set forth a claim under Section 1983.

For the foregoing reasons, this court's Order dismissing Plaintiff's action as frivolous should be affirmed.

BY THE COURT:

_____

**IDEE C. FOX, J.**

Date: ___9/17/13___